IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SSFM INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HNTB CORPORATION, *et al.*,<br><br>Defendants. | Civil No. 23-cv-00279-DKW-WRP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Plaintiff SSFM International brings several state-law claims against Defendant HNTB Corporation stemming from HNTB's alleged failure to compensate SSFM for design and construction work on the West Oahu Farrington Highway Guideway, which is part of the Honolulu High-Capacity Transit Corridor Project ("Project"). Dkt. No. 1-2. HNTB moves to dismiss all claims, other than Count I for breach of contract, for several reasons. First, HNTB argues that the equitable remedies of quantum meruit, detrimental reliance, and unjust enrichment are unavailable as SSFM's breach of contract claim provides an adequate remedy at law. Second, HNTB contends that the claim for breach of the duty of good faith and fair dealing is impermissibly duplicative of the claim for breach of contract. Finally, HNTB asserts that the claim for declaratory judgment only seeks to remedy past wrongs and is, again, duplicative of Count I.

Having reviewed the parties' briefs, applicable law, and the record generally, the Court disagrees that SSFM's equitable claims should be dismissed at this juncture. As more fully explained below, though equitable remedies are not generally available where the plaintiff has an adequate remedy at law, at this point it is unclear whether SSFM has such a remedy. At the pleadings stage, a plaintiff is entitled to pursue alternative theories of recovery. Here, SSFM's claims for quantum meruit, detrimental reliance, and unjust enrichment are sufficiently alleged as alternatives to its claim for breach of contract. Therefore, HNTB's motion to dismiss, Dkt. No. 7, is DENIED with respect to Counts II, III, and IV. However, as SSFM has agreed to voluntarily withdraw Counts V and VI, SSFM's breach of the duty of good faith and declaratory judgment claims, Dkt. No. 12 at 12, HNTB's motion to dismiss is GRANTED with respect to those claims.

## FACTUAL & PROCEDURAL BACKGROUND

### I. SSFM's Complaint

SSFM seeks to recover an alleged balance of approximately $1.3 million for services performed for HNTB in connection with the Project. Complaint at 11, Dkt. No. 1-2. The Complaint alleges that SSFM and HNTB entered into an agreement ("Agreement") on October 21, 2009 for SSFM to perform specified services related to the Project. *Id*. at ¶¶ 7–8. Attachment C to the Agreement detailed SSFM's compensation, including, *inter alia*, permitting adjustments to the

same with HNTB's prior written approval for, such things as, material changes in the scope of the Project.  *Id.* at ¶ 10.

On August 26, 2011, SSFM filed a Complaint in the First Circuit Court of the State of Hawai'i, alleging that HNTB had breached the Agreement by failing to compensate SSFM for additional services it had provided to HNTB.  *Id.* at ¶ 11.  In November 2013, though, the parties entered into a settlement agreement related to this dispute.  *Id.* at ¶ 12.  The settlement agreement excluded from its terms future additional work that was not reasonably anticipated by SSFM prior to November 10, 2010.  *Id.* at ¶ 13.

According to the Complaint, after November 10, 2010, HNTB required SSFM to perform additional services beyond the scope of the Agreement worth $920,877.11.[1]  *Id.* at ¶¶ 14–18.  SSFM subsequently sent multiple letters and emails to HNTB unsuccessfully attempting to resolve the amount owed.  *Id.* at ¶¶ 21–27.

On July 15, 2015, SSFM filed a second Complaint in the First Circuit Court of the State of Hawai'i, alleging that HNTB's failure to pay for the post-November 10, 2010 services constituted, *inter alia*, a breach of contract.  *Id.* at ¶ 28.  After removal to this Court, the parties engaged in protracted mediation efforts before

---

[1] While the Complaint does not explain the approximately $400,000 difference between this amount and the $1.3 million claimed in total, SSFM's Opposition points to the "inference" that the remaining $400,000 is attributable to services *covered* by the Agreement.  Dkt. No. 12 at 10.

ultimately stipulating to dismissal of the case without prejudice on July 17, 2018. *Id.* at ¶¶ 29–30, 33.  During this time, the Complaint alleges SSFM assisted HNTB in efforts to submit change orders to the Contractor for the Project—Kiewit Pacific Co. *Id.* at ¶ 34.

From 2019 to 2022, the parties continued to unsuccessfully mediate and/or arbitrate their dispute related to SSFM's alleged post-November 10, 2010 services. *Id.* at ¶¶ 36–37, 39, 41.  During this time, HNTB tendered a check to SSFM in the amount of approximately $160,000, which SSFM did not cash because the Complaint alleges that it "did not comprise the total amount owing to SSFM for its work."  *Id*. at ¶ 40.  Following the withdrawal of the parties' last arbitrator, SSFM filed the instant Complaint in the First Circuit Court of the State of Hawaiʻi on May 23, 2023, asserting claims for breach of contract (Count I) and a declaration to that effect (Count VI), quantum meruit (Count II), detrimental reliance (Count III), unjust enrichment (Count IV), and breach of the duty of good faith and fair dealing (Count V). *Id.* at ¶¶ 43–71.  On July 6, 2023, HNTB removed the case to this Court.  Dkt. No. 1.

## II.     The Motion to Dismiss

HNTB seeks dismissal of all of SSFM's claims, other than Count I for breach of contract, under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 7. HNTB raises three arguments: (1) as equitable remedies, SSFM's claims for

quantum meruit, detrimental reliance, and unjust enrichment are unavailable where there is a legal remedy, such as SSFM's claim for breach of contract; (2) SSFM's claim of breach of the duty of good faith and fair dealing should be dismissed as duplicative of the claim for breach of contract and cannot be used to create new rights not provided for in the Agreement; and (3) the claim for declaratory judgment fails because it seeks to remedy past conduct and is, in any event, duplicative of the claim for breach of contract. Dkt. No. 7-1 at 5–6. SSFM has filed a response in opposition, Dkt. No. 12, and HNTB filed a reply, Dkt. No. 13. The Court elected to decide this motion without a hearing pursuant to Local Rule 7.1(c), Dkt. No. 14, and this Order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" are insufficient to show under Rule 8(a)(2) that the pleader is entitled to relief. *Id*. at 679.

## DISCUSSION

### I. Counts II, III, and IV: The Equitable Claims

HNTB seeks dismissal of the claims against it for quantum meruit (Count II), detrimental reliance (Count III), and unjust enrichment (Count IV) because the Agreement provides SSFM with an adequate remedy at law. Because, at this fledgling stage of the litigation and under the circumstances alleged here, a plaintiff is generally permitted to allege alternative claims for recovery at law or in equity, HNTB's request is denied.

It is well settled under Hawai'i law that claims for quantum meruit, detrimental reliance, and unjust enrichment, deriving from principles of equity and quasi-contract, lie "only when legal remedies [a]re inadequate." *Sunday's Child,*

*LLC v. Irongate AZREP BW LLC*, 2017 WL 561338, at \*6 (D. Haw. Feb. 10, 2017) (internal citations omitted).  It is a "necessary prerequisite" that there is no adequate remedy at law.  *Id.*  Therefore, "equitable remedies are not available when an express contract exists between the parties concerning the same subject matter."  *Maeda v. Pinnacle Foods Inc.*, 390 F. Supp. 3d 1231, 1258 (D. Haw. 2019) (quoting *AAA Haw. LLC v. Haw. Ins. Consultants, Ltd.*, 2008 WL 4907976, at \*4 (D. Haw. Nov. 12, 2008) (internal citations omitted); *State Farm Fire and Cas. Co. v. Chung*, 882 F. Supp. 2d 1180, 1192 (D. Haw. 2012)).  In other words, "[w]here the parties to a contract have bargained for a particular set of rights and obligations, all claims involving those express rights and obligations properly lie in contract law and not in equity."  *Maeda*, 390 F. Supp. 3d at 1231 (citing *AAA Haw.*, 2008 WL 4907976, at \*3).

At this early stage of the proceedings, however, the Court cannot determine whether such an adequate legal remedy exists.  Although HNTB asserts that courts regularly dismiss equitable claims where a contract exists between the parties concerning the same subject matter, such dismissals do not generally occur at this point in the litigation or under these circumstances.[2]  Rather, "at the pleading stage,

---

[2] HNTB cites as examples *Breast Care Ctr. of Haw. LLC v. Fujifilm Med. Sys. U.S.A., Inc.*, 2019 WL 2146244, at \*9 (D. Haw. May 16, 2019); *AAA Haw.*, 2008 WL 4907976, at \*4; and *Total Coverage, Inc. v. Cedant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 125–26 (9th Cir. July 3, 2007).  Unlike the instant case, however, the court in *Breast Care Center* decided that the equitable claim for promissory estoppel was unavailable on a *motion for summary judgment*.  Although the courts in *AAA Hawaii* and *Total Coverage* dismissed equitable claims at the motion

a plaintiff is generally entitled to pursue alternative theories." *Marisco, Ltd. v. GL Eng'g & Constr. Pte., Ltd.*, 2020 WL 3492572, at *8 (D. Haw. June 26, 2020) (citing *Maeda*, 390 F.Supp.3d at 1258).

> The general rule is that there cannot be an express contract and an implied contract for the same thing at the same time. However, under the modern rule, a plaintiff is generally not precluded from pleading both the existence of a contract and unjust-enrichment theories. These theories should be pleaded in the alternative, because the factfinder may find that no contract exists and may still award damages on the theory of unjust enrichment.

*Id.* (citing 66 Am. Jur. 2d Restitution and Implied Contracts § 160). Just so, here, SSFM should be permitted to plead its equitable theories as alternatives to its breach of contract claim and, indeed, confirms that it is "in no way seeking to recover" twice. Dkt. No. 12 at 11.

Further, the purpose of the rule barring equitable remedies when there is an express contract is to "guard against the use of equitable remedies to distort a negotiated arrangement by broadening the scope of the contract." *Sung v. Hamilton*, 710 F. Supp. 2d 1036, 1064 (D. Haw. 2010) (quoting *Gibbs-Brower Int'l v. Kirchheimer Bros. Co.*, 611 F. Supp. 122, 127 (N.D. Ill. 1985)). As such,

---

to dismiss stage, in both cases there was no doubt as to the existence or validity of the related contract or that it covered the same issues as the dismissed equitable claims. *See AAA Haw.*, 2008 WL 4907976, at *4–6 (dismissing the unjust enrichment claim after finding the matter to be "clearly governed" by the parties' agreement, but denying the motion to dismiss the quantum meruit claim upon finding the agreement to be silent on that claim's underlying dispute); *Total Coverage*, 252 F. App'x at 126 (noting that there is no dispute that the express contract is valid or governs the matter at issue). Here, as discussed *infra*, there is significant dispute over whether certain services provided by SSFM were covered under the Agreement or fall outside its scope.

the mere existence of an express contract will not preclude equitable recovery if the contract itself does not address the specific matters at issue. *See Sunday's Child*, 2017 WL 561338, at *6 n.6 (explaining that equitable claims may be brought in the alternative where they do not seek to subsume express contractual provisions).

Here, while the parties agree that they entered into the Agreement, they dispute whether that contract conclusively governs the payments and services at issue in the equitable claims. Attachment C of the Agreement contains numerous substantive and procedural requirements to adjust SSFM's compensation. These include that there was a "material change" in the scope, complexity, character, conditions, or duration of the Project or services, and that the changes were made with HNTB's prior written approval. Of the approximately $1.3 million claimed, SSFM contends that $920,877.11 falls outside the scope of the Agreement and was never approved in writing by HNTB (because no such approval was required). For instance, SSFM claims that it is owed payment for assisting HNTB with submitting potential change orders to Kiewit Pacific Co. At present, it is unclear whether these services—or any others that may be part of the amount SSFM claims it is owed—are covered by Attachment C. Such services may or may not constitute "material changes" to the Project or SSFM's services, or have had HNTB's prior written approval such that they would be covered under the Agreement.

In summary, as discussed, SSFM acknowledges that it may turn out that it is indeed asserting equitable claims for payments covered by the legal remedy sought in its breach of contract claim. If so, SSFM is not entitled to recover in equity for claims involving those express rights and obligations for which the parties bargained in the Agreement. *See Marisco*, 2020 WL 3492572, at \*9. At this point in the proceedings, however, this possibility alone does not justify dismissal. Accordingly, the Motion is denied with respect to Counts II, III, and IV. Plaintiff SSFM may proceed with its claims for quantum meruit, detrimental reliance, and unjust enrichment as an alternative theory of recovery under Federal Rule of Civil Procedure 8(d).

## II. Counts V and VI: Breach of the Duty of Good Faith and Fair Dealing and Declaratory Judgment

HNTB seeks to dismiss Count V (breach of the duty of good faith and fair dealing) on the basis that it is duplicative of Count I (breach of contract) and cannot be used to create new independent rights. HNTB additionally seeks the dismissal of Count VI (declaratory judgment), arguing that the claim impermissibly seeks to remedy past wrongs and is also duplicative of the Count I breach of contract claim. As SSFM has agreed to voluntarily withdraw those claims, Dkt. No. 12 at 12, HNTB's motion to dismiss is granted with respect to Counts V and VI.

## **CONCLUSION**

For the reasons set forth herein, HNTB's Motion to Dismiss, Dkt. No. 7, is GRANTED IN PART and DENIED IN PART.  Specifically, Counts V and VI are DISMISSED.  Counts II through IV survive.

IT IS SO ORDERED.

DATED: September 15, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge